# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JAQUELINE ORTEGA,

                **Plaintiff,**

v.                                                        Case No:   **6:14-cv-1403-Orl-22DAB**

**SENIOR HOUSING SOLUTIONS OF
FLORIDA, LLC, SUSAN B. ROSBURY
and STEVEN L. ROSBURY,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT (Doc. No. 47)** |
| **FILED:** | **December 16, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The matter has been referred by the District Judge to determine whether the settlement is a

"fair and reasonable resolution of a bona fide dispute" over FLSA issues.   *See Lynn's Food Stores,*

*Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).   If a settlement is not one supervised

by the Department of Labor, the only other route for compromise of FLSA claims is provided in the

context of suits brought directly by employees against their employer under section 216(b) to

recover back wages for FLSA violations.   "When employees bring a private action for back wages

under the FLSA, and present to the district court a proposed settlement, the district court may enter

a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).   The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."   *Id.* at 1354.   In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff filed suit alleging that the Defendants violated the FLSA by failing to compensate her appropriately, retaliated against her, and included a number of other state law claims against Defendants including unjust enrichment, breach of oral contract and alter ego liability of the individual defendants for comingling corporate and personal assets; Defendants filed an answer and counterclaim.   Docs. 37, 38.   Based on the Plaintiff's responses to the Court's Interrogatories (Doc. 26), Plaintiff was employed by Defendant as Assistant Manager, Certified Nursing Assistant, Housekeeper, Cook, Receptionist, and she was responsible in assisting in all the day to day operations of Palamar House from 2006 to April 2014; Plaintiff also alleged that she was responsible for helping the Rosbury Defendants with their personal needs such as watching their grandson and Mr. Rosbury who has Parkinson's disease.   Doc. 26.   Plaintiff sought approximately $23,562.92 for 2,094.50 hours of overtime set forth in a very detailed table, plus an equal amount in liquidated

damages[1].  Doc. 26 at 3-5.  The settlement to Plaintiff of $7,500 in unpaid wages and liquidated damages represents approximately one-third of the principal amount Plaintiff sought.

The parties disagreed about to what extent, if any, there were hours the Plaintiff worked for which she was not compensated properly and the number of overtime hours the Plaintiff worked, if any.  Doc. 47 at 6.  Defendants state that the crux of Plaintiff's claim is that she worked hours for which she was not compensated properly, and they strenuously dispute the Plaintiff's claims and maintain that the Plaintiff was compensated for the work she performed in an appropriate manner. *Id*.  In addition to these significant disputes underlying the Plaintiff's FLSA claim in Count I, and "coupled with the uncertainty of knowing which parties would ultimately succeed on the merits and how much the potential recovery would be, the parties believe their proposed settlement reflects a fair and reasonable compromise of the issues in dispute"; Plaintiff alleged other claims against Defendants in the Amended Complaint and Defendants filed a multi-count counterclaim against Plaintiff.  *Id*.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,500 in attorney's fees and costs.   Throughout these proceedings, Plaintiff's counsel, interviewed the Plaintiff pre-suit, investigated the Plaintiff's claims, engaged in legal research, drafted the Complaint, and conferred with the Defendants' counsel regarding settlement negotiations, reviewed documents obtained from defense counsel, engaged in settlement discussions with the Plaintiff and defense counsel, and expended significant time litigating and advocating on behalf of the Plaintiff; counsel's affidavit states that he spent more than 60 hours on the matter and costs were $535.  Doc. 47-2.  After subtracting the costs of $535 from the total of $2,500, the amount allocated for the fee is $1,965 which would compensate counsel for 5 to 6 hours at the average FLSA hourly rate of $350 awarded

---

[1]  The parties represent that this figure includes a credit to employer in amount of $21,992.46, accounting for the fact that Plaintiff was paid said amount in lieu of the overtime amount of $45,555.38 alleged to have been due.

by the Court. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $7,500 to Plaintiff for unpaid wages and liquidated damages on her FLSA claim, and $2,500 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 23, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy